The plaintiffs contend that if a man intrudes himself upon the estate of an infant, and takes the profits thereof, he will be treated as a guardian, and held responsible therefor to the infant in an suit in equity. 2 *Story Eq. Jur.*, § 1356.

The answer to this is obvious.   The defendant in the case at bar is neither a trespasser nor an intruder.   The question is one of right to the profits of the land.   The rights of an adult and of an infant in this particular are upon the same legal platform.   There are eleven co-tenants, many of the age of majority ; if the latter are not entitled to this money, as matter of right, it would require some cogency of argument to establish the right of recovery in this action in the infant plaintiff.

The court has been referred by the plaintiffs to 1 *Story Eq. Jur.*, § 466 ; but the equity principle there recognized is, that where certain relations exist, creating a right to the thing which is the object of the suit, as in cases of tenants in common, where one acts as bailiff or manager for the others, he is responsible and accountable to them on the ground of their right to the money or property in his hands.

It is also urged by the plaintiffs that although at law they may have no remedy, yet in equity they are entitled to relief.   But the authorities above cited, which sustain the defendant's defense, are adjudications in both courts.

In the case at bar, without the care and labor of the defendant, the premises might not have yielded any profit, and the authorities are nearly all one way, that in such cases the co-tenant is not entitled to an account.   And the preponderance of authority is to the same effect where the premises yielded profits when the tenant entered.

Therefore it is ordered and adjudged that the plaintiffs take nothing by their suit, and judgment for costs is ordered for the defendant.

---

## PAULI vs. CARSS.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

MOTION TO SET ASIDE REFEREE'S REPORT—EXCEPTIONS.

Where a motion is made to set aside the report of a referee, the moving party must file

with the papers, when they are submitted, his exceptions to the report, or some statement of the grounds upon which he relies to sustain his motion.

On motion to set aside the report of a referee. The referee found in favor of plaintiff, and defendant moved to set the report aside, but did not file any statement of the grounds relied upon in support of the motion.

*Holladay & Cary*, for plaintiff.

*Pixley & Smith*, for defendant.

HAGER, J.—I find this case with the report of the referee submitted by consent of parties; bnt I am at a loss to determine the point or matter I am called upon to decide. There are no reasons or statements setting forth the grounds relied upon to set aside the report, or as objections to its confirmation. Neither does the brief of defendants with the papers, present the point that is submitted, or that I am called upon to pass upon. There should be something of record to define the motion, and to show upon what it is based. As the case is presented, I can decide nothing. It would be improper to set the report aside, and its confirmation is not asked by the submission.